**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melanie Elaine Beauchamp, | No. CV-24-00861-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Maria Cristina Muise and Jason Muise, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction (Doc. 27) and Defendants' Motion for Rule 11 Sanctions. (Doc. 35). Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is granted. Defendants' Motion for Rule 11 Sanctions is denied. The Court will address each in turn.

## I.    Motion to Dismiss for Lack of Personal Jurisdiction

### A.    Background

On October 1, 2024, the Court granted Defendants Cristina Muise and Jason Muise's first Motion to Dismiss for Lack of Personal Jurisdiction.[1] (Doc. 25). The Court held that the only potential basis for personal jurisdiction in Plaintiff Melanie Elaine Beauchamp's Complaint was an ambiguous reference to board certifications in the comment section of Cristina Muise's March 19, 2024 TikTok video. (*Id.* at 8-9). Cristina Muise had posted "We should go after her board certification" in response to a comment

---

[1] The factual background and legal standards and conclusions set forth in that Order (Doc. 25) are incorporated here by reference.

from one of her viewers that mentioned someone named "Dr. Monica Richardson." (*Id.*). While the viewer's comment did not mention Beauchamp, Cristina Muise did name Plaintiff's company in the video. (*Id.*; Doc. 27-2). The Court found that if Cristina Muise's comment did implicitly refer to Beauchamp, her Arizona board certifications could be implicated in a way that would affect its jurisdiction analysis. (Doc. 25 at 9). Although it was "unclear whether the Complaint's deficiency could be cured by amendment," the Court gave leave to amend, directing Plaintiff's attention to the ambiguity surrounding whether the word "her" in Cristina Muise's comment referred to Plaintiff or to "Dr. Monica Richardson." (Doc. 25 at 9).

Plaintiff filed her amended complaint on October 31, 2024. (Doc. 26). She made two additions relevant here: (1) a Declaration by Veronica Vargas, one of Plaintiff's patients and followers, and (2) Count V for Invasion of Privacy.[2] For the reasons stated below, neither change succeeds in "making a prima facie showing of facts that might establish personal jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020. Consequently, Defendants' Motion to Dismiss is granted.

## B.    Analysis

### 1.    Veronica Vargas Declaration

First, Plaintiff now alleges that Vargas, a Texas resident, watched the March 19 TikTok video, read Cristina Muise's comment, and "had no doubt" that Cristina Muise was referring to Plaintiff and Plaintiff's pharmacy credentials. (Doc. 26 at 4; Doc. 29-1 at 19). Vargas's Declaration states that Vargas shared screenshots of Cristina Muise's videos and livestreams with Plaintiff and alerted Plaintiff to the existence of the March 19 TikTok and its comments. (Doc. 29-1 at 19).

---

[2] Beauchamp also attempts to argue that the exchange of cease and desist letters between herself and Defendants constituted intentional actions, expressly aimed at Arizona by the Defendants. (Doc. 29 at 5-6). In *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006), the Ninth Circuit found that because public policy strongly favors cease and desist letters, "[a] cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter" without an additional showing that the letter is "abusive, tortious or otherwise wrongful."). Because Plaintiff makes no additional showing, this argument is incompatible with the law and does not affect the Court's personal jurisdiction analysis.

Neither the Vargas Declaration nor the Amended Complaint state any plausible reason *why* Vargas had "no doubt" that Cristina Muise was referring to Beauchamp. Plaintiff has provided no evidence that Defendant Cristina Muise was referring to Plaintiff in her March 19 comment; rather, she appears to be referring to a Dr. Monica Richardson. The March 19 TikTok video makes no mention of going after Plaintiff's board certification. (Doc. 27-2). The conclusory opinion of a Texas resident—without any factual allegations that link Defendants to Plaintiff let alone Arizona or its residents—provides no basis for finding jurisdiction. *Contrast Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068, 1073 (D. Ariz. 2010) (finding no express aiming without any connection between an "article and the forum other than that the article was about Plaintiffs and Defendants knew Plaintiffs resided in Arizona"), *with Rio Props., Inc.*, 284 F.3d at 1020-21 (finding that defendant sports gambling operation had "specifically targeted" both Nevada—as the capital of the gambling industry—and Nevada consumers with evidence that defendant had published paid radio and print advertisements in the forum, including a copy of the defendant's advertisement in a Nevada newspaper). Accordingly, the assertion that Cristina Muise's comment targeted Plaintiff, Arizona, or its residents is neither plausible nor sufficient to create jurisdiction over Ms. Muise.

### 2. Invasion of Privacy Claim

Second, Plaintiff sets forth a new count—Count V—for Invasion of Privacy. (Doc. 26 at 4, 9).[3] Since the inception of this case, Plaintiff has alleged that the Muises obtained and published Plaintiff's Arizona Bar disciplinary records. (Doc. 1-2 at 3; Doc. 9 at 5). She renews the theory here, recharacterizing it as Count V. Plaintiff has not alleged, however, any connection between the Muises and the records beyond the fact that the disciplinary records "began circulating among [her] followers and friends on Tik[T]ok." (Doc. 5-3 at 1; Doc. 9 at 42; Doc. 29 at 3). This also is insufficient to create jurisdiction.[4]

---

[3] As a tort claim, Count V is subject to the same purposeful direction analysis that applies to Plaintiff's other claims. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021).

[4] In any event, Plaintiff has not alleged sufficient facts to state a claim for False-Light Invasion of Privacy, or any other recognized from of Invasion of Privacy in her complaint.

Even if Defendants did obtain and distribute Plaintiff's records, Plaintiff fails to establish personal jurisdiction. Express aiming requires that some effect of the defendant's conduct is felt by the forum or its residents, making the forum the "focal point . . . of the harm suffered." *Walden*, *v. Fiore*, 571 U.S. 277, 285 (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). Under this standard, however, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 286. Rather, a plaintiff must show that the defendants engaged in some conduct that "connected the defendants to the forum, not just to the plaintiff." *Id.* at 290 (identifying defendants' contacts as the "crux" of the *Calder* jurisdictional analysis); *e.g.*, *Calder*, 465 U.S. at 788-89, 791 (holding that there was personal jurisdiction where the plaintiff alleged not only that she was injured in California, but that the defendants drew from California sources and wrote a story "calculated to cause injury" in the forum—knowing that plaintiff's industry and career were focused there, and that California was their magazine's largest circulation).

Here, Plaintiff appears to be Defendants' sole connection to the forum. Indeed, she provides no facts that might indicate that any contact between Defendants and the forum or its other residents.[5] (Doc. 26 at 4, 9). Accordingly, the assertion that Defendants expressly aimed their conduct at Arizona is neither plausible nor sufficient to create jurisdiction over Defendants.

### C.    Dismissal

The Court has previously noted that the "express aiming" element of the purposeful direction test "is fact-specific" and "must focus on defendant's contacts with the forum state." (Doc. 25 at 5); *Gonzalez v. U.S. Hum. Rts. Network*, 512 F. Supp. 3d 944, 958 (D. Ariz. 2021) (citing *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015)). Yet rather than alleging facts to further the Court's analysis, Plaintiff provides "[t]hreadbare recitals" of the requirements for personal jurisdiction, "supported by mere conclusory statements." *See*

---

[5] Although the Court found it conceivable that tortious actions against Beauchamp's active Arizona board certifications would potentially affect Plaintiff and the certifying agency in Arizona, making the forum a focal point, *Walden*, 571 U.S. at 285, it does not follow that the distribution of Arizona State Bar proceedings that concluded in 2021 would make Arizona the focal point of anything.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Such recitals cannot serve as the basis for personal jurisdiction.  *Id.*  As such, dismissal is appropriate.

A district court has broad discretion to dismiss without further leave to amend where the "plaintiff has previously amended the complaint" and "any further amendment to the complaint would likely prove futile."  *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024) (citations omitted).  Although pro se plaintiffs are typically accorded leniency, the Ninth Circuit does not extend such generosity to pro se claimants who are attorneys.  *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023). Although the Ninth Circuit has not explicitly extended this holding to *former* attorneys, the Court will not continue to give Beauchamp the benefit of liberal pleading standards.  *See Steinmeyer v. Am. Ass'n of Blood Banks*, 715 F. Supp. 3d 1302, 1312 (S.D. Cal. 2024) (declining leniency to a pro se former attorney with legal training and decades of legal experience, in accordance with *Huffman*); *see also  Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (finding that a district court "demonstrated more than adequate sensitivity" and "went out of its way" to assist a pro se plaintiff in avoiding dismissal by "clearly explaining" why their claims were being dismissed "in language comprehensible to a lay person" and giving the plaintiff leave to amend).

Because Plaintiff fails to fulfill her burden for pleading purposeful direction, the Court need not analyze the other requirements of personal jurisdiction.  Defendants' Motion to Dismiss is granted.

## II. Motion for Rule 11 Sanctions

### A. Background

Following the filing of Plaintiff's Amended Complaint (Doc. 26) and the parties' subsequent briefing on the Defendants' Motion to Dismiss (Docs. 27, 29, and 32), Defendants filed a Motion for Rule 11 Sanctions pursuant to Federal Rule of Civil Procedure 11.  (Doc. 35).[6]  Defendants argue that Beauchamp's Amended Complaint (Doc.

---

[6] Contrary to Plaintiff's assertions (Doc. 36 at 2-4), a federal court may consider collateral issues, such as awarding costs under Rule 11, even in cases where it ultimately lacks personal jurisdiction.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990); *cf. Willy v. Coastal Corp.*, 503 U.S. 131, 135-39 (holding that there are no Article III

26), Response to Motion to Dismiss First Amended Complaint (Doc. 29) and the attached Declaration (Doc. 29-1 at 1-6) are frivolous, lacking evidentiary support, and made for improper purposes. (Doc. 35). For the reasons stated herein, Defendants' Motion to for Rule 11 Sanctions is denied.

### B. Legal Standard

"The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). Under Rule 11(b), a party certifies, after reasonable inquiry and to the best of their "knowledge, information, and belief," that (1) the case is not "being presented for any improper purpose," (2) the claims "are warranted by existing law or by a nonfrivolous argument for extending" the law, and (3) "the factual conditions have evidentiary support or, if specifically so identified" are likely to have support following discovery. Fed. R. Civ. P. 11(b)(1)-(3). Of course, Rule 11 "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). As such, the Court must determine whether a party's actions rise to the level necessary to impose the "extraordinary remedy" of Rule 11 sanctions. *Operating Eng'rs Pension Tr. v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Because the standard governing Rule 11 is objective, the analysis of complaints for improper purpose "subsumes" the analysis of frivolousness. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). In other words, "complaints are not filed for an improper purpose if they are non-frivolous." *Id.* A "frivolous" filing must be "both baseless and made without a reasonable and competent inquiry." *Id.* "It is one thing for a complaint to be without merit; it is another for it to be frivolous." *Xcentric Ventures, LLC v. Borodkin*, 934 F. Supp. 2d 1125, 1141 (D. Ariz. 2013).

---

constitutional concerns with the imposition of Rule 11 sanctions in cases where a court lacks subject matter jurisdiction). Consequently, Defendants do not subject themselves to the Court's personal jurisdiction by seeking such sanctions. Plaintiff further asks the Court to sanction Defendants under 28 U.S.C. § 1927 (Doc. 36), but this statute only applies to "attorney[s] or other person[s] admitted to conduct cases in any court of the United States." 28 U.S.C. § 1927.

C.    **Analysis**

Plaintiff's failure to meet her burden in pleading personal jurisdiction does not render her arguments sanctionable.  That a party fails to prevail in its contentions regarding the facts does not mean that their contentions were factually baseless.  *See* Fed. R. Civ. P. 11(b)-(c) advisory committee's notes to 1993 amendment ("The certification is that there is (or likely will be) 'evidentiary support' for the allegation, not that the party will prevail with respect to its contention regarding the fact.").  Though Plaintiff's tactics are not meritorious, they do not constitute a "rare and exceptional case" where sanctions are warranted.  *Operating Eng'rs Pension Tr.*, 859 F.2d at 1345.  Because Plaintiff's claims were not baseless or frivolous, and therefore, not made for improper purposes, Defendants' Motion for Rule 11 Sanctions is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11 Sanctions (Doc. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this action and enter judgment accordingly.

Dated this 11th day of September, 2025.

G. Murray Snow
Senior United States District Judge